JAMES T. HANNINK (131747)
jhannink@sdlaw.com
ZACH P. DOSTART (255071)
zdostart@sdlaw.com
DOSTART HANNINK & COVENEY LLP
4180 La Jolla Village Drive, Suite 530
La Jolla, California 92037-1474
Tel:  858-623-4200
Fax: 858-623-4299

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| SHANNON SMITH, individually and on behalf of all others similarly situated, | CASE NO. 8:16-cv-00108 CJC (KESx) |
| Plaintiff, | **FIRST AMENDED CLASS ACTION COMPLAINT FOR VIOLATION OF TELEPHONE CONSUMER PROTECTION ACT** |
| vs. | |
| BLUE SHIELD OF CALIFORNIA LIFE & HEALTH INSURANCE COMPANY, a California corporation, and DOES 1-10, | [47 U.S.C. § 227 ("TCPA")] |
| Defendant. | **DEMAND FOR JURY TRIAL** |

GENERAL ALLEGATIONS

1.     Plaintiff Shannon Smith ("Plaintiff") is an individual residing in Orange County, California.

2.     Plaintiff is informed and believes and thereon alleges that defendant Blue Shield of California Life & Health Insurance Company ("Blue Shield") is, and was at all times herein mentioned, a California corporation with its principal place of business in San Francisco, California.

3.     Plaintiff does not know the names of the defendants sued as DOES 1 through 10 but will amend this complaint when that information becomes known. Plaintiff alleges on information and belief that each of the DOE defendants is affiliated with Blue Shield in some respect and/or is in some manner responsible for the wrongdoing alleged herein, either as a direct participant, or as the principal, agent, successor, alter ego, or co-conspirator of or with another defendant.  For ease of reference, plaintiff will refer to Blue Shield and the DOE defendants collectively as "defendants."

4.     Venue is proper in this Court because the liability arose in Orange County.

5.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331.

GENERAL ALLEGATIONS

6.     During the applicable limitations period, plaintiff received on her cellular telephone a telephone call from Blue Shield.  When plaintiff answered the call, plaintiff heard a prerecorded voice message stating, in substance, that the call was from Blue Shield, that it was time for plaintiff to renew her insurance policy, and that plaintiff could review the insurance plans available to her by visiting Blue Shield's website.   The prerecorded message further said, in substance, that if plaintiff had any questions she should call the telephone number on the back of her insurance card; however, the message did not state the telephone number of the

business, entity, or individual responsible for initiating the call, as required by 47 C.F.R. § 64.1200(b)(2).

7.    Plaintiff listened to the entire prerecorded message.  At no time during the call was plaintiff provided with an automated, interactive voice-activated or key press-activated opt-out mechanism that would have enabled her to make a do-not-call request, as required by 47 C.F.R. § 64.1200(b)(3), nor were there explanatory instructions on how to use an opt-out mechanism, as required by 47 C.F.R. § 64.1200(b)(3).

8.    Plaintiff is informed and believes and thereon alleges that the call to plaintiff's cellular telephone was made by defendants using an automatic telephone dialing system.

9.    Plaintiff is informed and believes and thereon alleges that the telephone call to plaintiff's cellular telephone was initiated by defendants for the purposes of informing plaintiff about the commercial availability of insurance policies through Blue Shield and encouraging plaintiff to purchase one of those policies.  As such, the call constituted an "advertisement" as defined in 47 C.F.R. § 64.1200(f)(1) and "telemarketing" as defined in 47 C.F.R. § 64.1200(f)(12).

10.    At the time of the call, plaintiff had not provided defendants with express written consent authorizing defendants to deliver advertisements or telemarketing calls or messages to plaintiff's cellular telephone using either an artificial or prerecorded voice and/or an automatic telephone dialing system.

## CLASS ACTION ALLEGATIONS

11.    Plaintiff brings this lawsuit as a class action under Federal Rule of Civil Procedure 23.  Plaintiff seeks to represent a class defined as follows:  "All natural persons nationwide who, within the applicable limitations period, either (1) received on a cellular telephone or a residential telephone line a telephone call that included an advertisement or constituted telemarketing, which call was initiated (or caused to be initiated) by defendants using an artificial or prerecorded voice, or (2) received a

3

1  telephone call initiated by defendants using an artificial or prerecorded voice, with
2  respect to which defendants did not state either during or after the message the
3  telephone number of the business, entity, or individual responsible for initiating the
4  call, or (3) received on a cellular telephone a telephone call that included an
5  advertisement or constituted telemarketing, which call was initiated (or caused to be
6  initiated) by defendants using an automatic telephone dialing system.  Excluded
7  from the class are all employees of defendants, all employees of plaintiff's counsel,
8  and the judicial officers to whom this action is assigned."

9       12.    Ascertainability.  The members of the class may be ascertained by
10 reviewing records in the possession of defendants and/or third parties, including
11 without limitation defendant's call records, customer records, and call lists.

12      13.    Common Questions of Fact or Law.  There are questions of fact or law
13 that are common to the class which predominate over individual issues.  Common
14 questions include, without limitation: (1) whether defendants initiated advertisement
15 or telemarketing calls or message to cellular telephones and/or residential telephone
16 lines using an artificial or prerecorded voice; (2) whether defendants initiated
17 advertisement or telemarketing calls or messages to cellular telephones using an
18 automatic telephone dialing system; (3) defendants' policies and procedures for
19 obtaining prior express written consent from customers or potential customers
20 before initiating advertising or telemarking calls to their cellular telephones or
21 residential telephone lines using an artificial or prerecorded voice; (4) defendants'
22 policies and procedures for obtaining prior express written consent from customers
23 or potential customers before initiating advertising or telemarking calls or messages
24 to their cellular telephones using an automatic telephone dialing system;
25 (5) defendants' record-keeping practices; and (6) the appropriate remedies for
26 defendants' conduct.

27 / / /

28 / / /

FIRST AMENDED CLASS ACTION COMPLAINT FOR VIOLATION OF          8:16-cv-00108 CJC (KESx)
TELEPHONE CONSUMER PROTECTION ACT

14.   <u>Numerosity</u>.  The class is so numerous that joinder of all class members would be impracticable.  Plaintiff is informed and believes and thereon alleges that the class consists of at least 50 members.

15.   <u>Typicality and Adequacy</u>.  Plaintiff's claims are typical of the claims of the class members.  Plaintiff alleges on information and belief that other class members, without having provided the requisite prior express written consent to receive such calls from defendants, also received on a cellular telephone or on a residential telephone line advertising and/or telemarketing calls or messages that were initiated (or caused to be initiated) by defendants using an artificial or prerecorded voice, and/or received on a cellular telephone advertising and/or telemarketing calls or messages that were initiated (or caused to be initiated) by defendants using an automatic telephone dialing system.  Plaintiff further alleges on information and belief that other class members also received telephone calls initiated by defendants using an artificial or prerecorded voice, with respect to which there was no statement of the telephone number of the business, entity, or individual responsible for initiating the call.  Plaintiff further alleges on information and belief that other class members also received on their cellular telephones or residential telephone lines advertisement or telemarketing calls or messages initiated by defendants using an artificial or prerecorded voice, with respect to which defendants did not provide an automated, interactive voice-activated and/or key press-activated opt-out mechanism that would have enabled plaintiff or class members to make a do-not-call request during the call or, alternatively, failed to provide an opt-out mechanism at the time required by law and/or failed to provide explanatory instructions required by law.  Plaintiff has no interests that are adverse to those of the other class members.  Plaintiff will fairly and adequately protect the interests of the class members.

/ / /

/ / /

FIRST AMENDED CLASS ACTION COMPLAINT FOR VIOLATION OF
TELEPHONE CONSUMER PROTECTION ACT

8:16-cv-00108 CJC (KESx)

16.     Superiority.   A class action is superior to other methods for resolving this controversy.  Because the damages suffered by each class member is low, the expense and burden of individual litigation would make it impracticable for members of the class to redress the wrongs done to them.  Class certification would also conserve judicial resources and avoid the possibility of inconsistent judgments.

FIRST CAUSE OF ACTION

(Violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227)

17.     Plaintiff incorporates by reference paragraphs 1-16 as if set forth herein.

18.     Plaintiff is informed and believes and thereon alleges that, without first obtaining the requisite prior express written consent of plaintiff or the class members, defendants initiated (or caused to be initiated) advertisement and/or telemarketing calls or messages to plaintiff's and class members' cellular telephones or residential telephone lines using an artificial or prerecorded voice, in violation of 47 U.S.C. § 227(b) and 47 C.F.R. § 64.1200(a).

19.     Plaintiff is informed and believes and thereon alleges that, without first obtaining the requisite prior express written consent of plaintiff or the class members, defendants initiated (or caused to be initiated) advertisement and/or telemarketing calls or messages to plaintiff's and class members' cellular telephones using an automatic telephone dialing system, in violation of 47 U.S.C. § 227(b) and 47 C.F.R. § 64.1200(a).

20.     Plaintiff is informed and believes and thereon alleges that, with respect to the telephone calls received by plaintiff and class members that were initiated by defendants using an artificial or prerecorded voice, defendants did not state during or after the message the telephone number of the business, entity, or individual responsible for initiating the call, in violation of 47 C.F.R. § 64.1200(b)(2).

/ / /

/ / /

21.     Plaintiff is informed and believes and thereon alleges that, with respect to advertisement and/or telemarketing calls or messages to plaintiff's and class members' cellular telephones or residential telephone lines that were initiated by defendants using an artificial or prerecorded voice, defendants did not provide plaintiff or class members with an automated, interactive voice-activated and/or key press-activated opt-out mechanism that would have enabled plaintiff or class members to make a do-not-call request during the call; or, alternatively, defendants did not provide plaintiff or class members with an automated, interactive voice-activated and/or key press-activated opt-out mechanism within two (2) seconds of providing identification information; or, alternatively, defendants did not provide plaintiff or class members with explanatory instructions on how to use an automated, interactive voice-activated and/or key press-activated opt-out mechanism, all in violation of 47 C.F.R. § 64.1200(b)(3).

22.     Plaintiff is informed and believes and thereon alleges that the telephone calls to plaintiff's and class members' cellular telephones and/or residential telephone lines as alleged herein were made by defendants knowingly and willfully.

23.     As a result of defendants' conduct, plaintiff and the class members are entitled to injunctive relief and statutory damages of at least $500 per violation and up to $1,500 per violation, pursuant to 47 U.S.C. § 227(b)(3).

PRAYER

WHEREFORE, plaintiff prays for judgment against defendants as follows:

1.     For statutory damages as alleged herein;

2.     For injunctive relief as alleged herein;

3.     For costs of suit;

4.     For pre-judgment interest; and

5.     For such other relief that the Court deems proper.

---

7

1  Dated: February 10, 2016                DOSTART HANNINK & COVENEY LLP

2

3                                          /s/ Zach P. Dostart
                                           _____
4                                          ZACH P. DOSTART
                                           Attorneys for Plaintiff
5

6

7                          DEMAND FOR JURY TRIAL

8          Plaintiff hereby demands trial by jury on all claims so triable.

9  Dated: February 10, 2016                DOSTART HANNINK & COVENEY LLP

10

11                                         /s/ Zach P. Dostart
                                           _____
12                                         ZACH P. DOSTART
                                           Attorneys for Plaintiff
13  753764.6

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FIRST AMENDED CLASS ACTION COMPLAINT FOR VIOLATION OF          8:16-cv-00108 CJC (KESx)
TELEPHONE CONSUMER PROTECTION ACT